ANDREA C. AVILA (SBN 193982)
PATANE • GUMBERG • AVILA, LLP
Attorneys at Law
4 Rossi Circle, Suite 231
Salinas, California 93907
**Mailing**: *P.O. Box 3770, Salinas, CA 93912*
Telephone: (831) 755-1461
Facsimile: (831) 755-1477
Email: aavila@pglawfirm.com

Attorneys for Plaintiff,
JESUS ROCHA

UNITED STATES DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT – SAN JOSE DIVISION

| | |
|---|---|
| JESUS ROCHA,<br><br>                Plaintiff,<br><br>v.<br><br>JW PRODUCE, INC., a Delaware corporation; VERONICA MARTINEZ VASQUEZ a.k.a. VERONICA MARTINEZ VAZQUEZ, individually; and DOES 1 – 10, inclusive,<br><br>                Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jesus Rocha ("Plaintiff") brings this civil action against Defendants JW Produce, Inc., and Veronica Martinez Vasquez a.k.a. Veronica Martinez Vazquez, individually (collectively "Defendants"), for damages and alleges as follows:

**JURISDICTION AND VENUE**

1.      Jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5)(i).

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the sales transactions which are the subject of this action occurred in this district, and in that all Defendants are domiciled in this district.

///

///

- 1 -

Complaint for Damages

## THE PARTIES

3.      Plaintiff is an individual and was and is a resident of the County of Monterey, State of California, and is engaged in the business of selling wholesale quantities of fresh fruits and vegetables in interstate commerce.  Plaintiff is not licensed under PACA because he does not buy or sell more than 2,000 pounds of fresh or frozen fruits and vegetables in any given day and does not sell at retail.

4.      Defendant JW Produce, Inc. ("JW Produce") is a Delaware corporation with its principal place of business in Watsonville, California.  JW Produce was at all times relevant herein acting as a dealer and commission merchant of perishable agricultural commodities in California, and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. § 499a, et seq., ("PACA") and the Code of Federal Regulations ("CFR") promulgated thereunder.  Until its termination for unpaid awards and at the time of the transactions involved herein, JW Produce was licensed by the United States Department of Agriculture and at all relevant times maintained PACA License number 2010-1144 in good and active standing.

5.      Defendant Veronica Martinez Vasquez a.k.a. Veronica Martinez Vazquez (hereinafter referred to as "Defendant Vasquez") is or was a responsible owner, sole or majority shareholder, officer, specifically the Chief Executive Officer, Secretary and Chief Financial Officer, and/or director of Defendant JW Produce during the relevant time period, and conducted business in the City of Watsonville, California, County of Santa Cruz and County of Monterey.  Defendant Vasquez is a natural person who, at all times alleged herein, was a resident of the City of Watsonville, County of Santa Cruz, California.

6.      Plaintiff is unaware of the names of Defendants identified herein as DOES 1-10, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and thereon alleges, that Defendants sued herein as DOES are responsible in some manner for the practices, acts, conduct, and occurrences alleged herein, as either actual perpetrators or coconspirators, aiders and abettors, officers, directors, and/or managing agents with the knowledge, control, authority, direction, and/or ratification of the other Defendants, and each of them. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and

- 2 -

Complaint for Damages

capacities of the DOE Defendants, and the roles they played, once their identities and/or manner of participation in the wrongful conduct herein described is ascertained.

## ALTER EGO ALLEGATIONS

7.    At all times relevant herein, Defendant Vasquez was the alter ego of corporate entity, JW Produce, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Defendants such that any separateness between  them has ceased to exist in that Defendant Vasquez completely owned, controlled, dominated, managed, and operated JW Produce to suit her convenience.

8.    Specifically, at all times relevant herein and upon information and belief, Defendant Vasquez (1) controlled the business and affairs of JW Produce, including any and all of its affiliates; (2) comingled the funds and assets of the corporate entity, diverted corporate funds and assets for her own personal use, and treated JW Produce's assets as her own; (3) disregarded legal formalities and corporate formalities, such as maintaining minutes or adequate records, and failed to maintain an arm's length relationship with JW Produce; (4) inadequately capitalized JW Produce such that it is organized and carries on business without substantial capital in such a way that it is unable to meet its liabilities; (5) held herself out as personally liable for the debts of JW Produce; (6) used JW Produce as a mere shell, instrumentality or conduit for herself and her individual businesses; (7) used JW Produce to procure labor, services or merchandise for another person or entities; (8) manipulated the assets and liabilities between JW Produce and herself so as to concentrate the assets for herself and the liabilities for JW Produce; (9) used the corporate entity to conceal its ownership, management, and financial interests and/or personal business activities; and/or (10) used JW Produce to shield against personal obligations and, in particular, obligations as alleged in this Complaint.

9.    At all times relevant thereto, JW Produce was not only influenced and governed by Defendant Vasquez, but there was such a unity of interest and ownership that the individuality, or separateness, of Defendant Vasquez and JW Produce has ceased, and that the facts are such that an adherence to the fiction of the separate existence of these entities would, under the particular circumstances, sanction a fraud or promote injustice.

///

- 3 -

10.     At all relevant times, as alleged more fully herein, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendant's acts alleged herein was done with the permission and consent of each of the other Defendants.

## CLAIMS FOR RELIEF

## COUNT I

## ENFORCEMENT OF U.S.D.A REPARATION AWARD [7 U.S.C. §499(g)b]

## [Against Defendants JW Produce, Inc. and Veronica Martinez Vasquez a.k.a. Veronica Martinez Vazquez]

11.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 10, above, as though fully set forth herein.

12.     Between April 27, 2016 from the first delivery through September 14, 2016, Plaintiff sold to JW Produce, by oral contract, about 57 deliveries/shipments of fresh strawberries in the course of interstate commerce on credit.

13.     Pursuant to his verbal agreement with JW Produce, Plaintiff delivered 57/deliveries/shipments of fresh strawberries to JW Produce. JW Produce received and accepted the 57 deliveries/shipments of fresh strawberries.

a)   Between July 19, 2016 and August 15, 2016, Plaintiff was never paid for 3,325 boxes of strawberries delivered to JW Produce despite Plaintiff's repeated demands for payment.  Plaintiff should have been paid $9.00 per box or $29,925 for these 3,325 boxes of strawberries.

b)   For the statement of September 1, 2016 through September 12, 2016 for strawberries delivered to JW Produce was $12,014. This amount was paid in 3 checks (Check Nos. 7884, 7885, 7886) by JW Produce. However, Check No. 7886 for $4,004.68 was returned by Plaintiff's bank for nonsufficient funds, so Plaintiff did not receive payment for some of these delivered strawberries in the amount of $4,004.68.

- 4 -

c) Throughout 2016 for the strawberries that were paid by JW Produce, Plaintiff received less than the agreed upon $9.00 per box/carton, with the exception of strawberries sold between May 3, 2016 and May 5, 2016. This amounts to approximately $19,800 owed by JW Produce to Plaintiff according to their verbal agreement.

14.    Collectively, JW Produce has failed to pay Plaintiff $53,729 plus 18% interest per annum for the fresh strawberries received and accepted by JW Produce from Plaintiff.

15.    Pursuant to 7 U.S.C. §499(f), Plaintiff filed an administrative reparation Complaint with the U.S. Department of Agriculture ("USDA") against JW Produce on or about July 3, 2017.

16.    On or about August 31, 2018, the Secretary of the USDA entered an order ("USDA Order") for a reparation award in favor of Plaintiff and against JW Produce in the principal amount of $32,745.00, with interest thereon at the rate of 2.44 percent per annum from October 1, 2016, until paid, plus the amount of $500.00 paid by Plaintiff to file his reparations Complaint. A true and correct copy of the USDA Order issued on or about August 31, 2018 is attached hereto as **Exhibit A** and incorporate herein by this reference.

17.    On September 25, 2018, the USDA received from JW Produce a Petition for Reconsideration of the Order ("Petition").

18.    Upon reconsideration of the evidence and for the reasons cited in its USDA Order, the USDA granted JW Produce's Petition, in part, and amended the USDA Order of August 31, 2018, to show $27,223.00 as the amount due to Plaintiff from JW Produce for the strawberries.  On or about November 28, 2018, the Secretary of the USDA entered an Order on Reconsideration for a reparation award in favor of Plaintiff and against JW Produce in the principal amount of $27,223.00, with interest thereon at the rate of 2.44 percent per annum from October 1, 2016, until paid, plus the amount of $500.00 paid by Plaintiff to file his reparations Complaint ("USDA Order on Reconsideration"). A true and correct copy of the USDA Order on Reconsideration issued on or about November 28, 2018 is attached hereto as **Exhibit B** and incorporate herein by this reference.

19.    Pursuant to the USDA Order on Reconsideration, JW Produce was required to pay the full award by December 28, 2018, which it has failed and refused to do.

- 5 -

20.     Pursuant to PACA, 7 U.S.C. §499(g)b, if the reparation award is not paid within the time specified in the USDA Order on Reconsideration, Plaintiff is entitled to file the instant petition in this U.S. District Court to enforce the award, plus additional statutory interest, costs, and attorneys' fees.

21.     Also pursuant to PACA, 7 U.S.C. §499(g)b, the findings and orders of the Secretary of Agriculture shall be prima facie evidence of the facts therein stated. Plaintiff therefore presents the attached USDA Order and USDA Order on Reconsideration (Exhibits A and B) as prima facie evidence of his case.

22.     Plaintiff seeks entry of an order from this U.S. District Court enforcing the USDA Order on Reconsideration in the full principal amount of $27,223.00, plus accrued interest at the rate of 2.44 percent per annum from October 1, 2016, plus reimbursement for the $500.00 filing fee, the costs of the lawsuit, and attorney's fees, all pursuant to federal statute.

## COUNT II

## ACTION ON ACCOUNT

**[Against Defendants JW Produce, Inc. and Veronica Martinez Vasquez a.k.a. Veronica Martinez Vazquez]**

23.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 22, above, as though fully set forth herein.

24.     Between April 27, 2016 to September 14, 2016, JW Produce orally contracted with Plaintiff to purchase fresh strawberries on credit. True and correct copies of the Statements of Account and Unpaid Invoices are attached hereto as **Exhibit C** and incorporated herein by this reference.

25.     Plaintiff performed all acts required of it under the oral sales contracts. By words or conduct, Plaintiff and JW Produce agreed that the amount stated in the account was the correct amount owed to Plaintiff.

26.     JW Produce, by words and/or conduct, promised to pay the stated amount to Plaintiff. Pursuant to the payment terms between the parties, JW Produce is in default to the Plaintiff on amounts unpaid and outstanding under this account.

27.   JW Produce owes Plaintiff the principal amount of $27,223.00 (See USDA Order and USDA Order on Reconsideration attached hereto as **Exhibits A and B**, respectively.). As a direct result, Plaintiff has suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jesus Rocha respectfully prays that this Court issue an Order:

   a) granting non-dischargeable judgment in favor of Plaintiff and against Defendants JW Produce, Inc. and Veronica Martinez Vasquez, jointly and severally, in the principal amount of $27,223.00, together with pre- and post-judgment interest and attorneys' fees in an as yet unliquidated amount;

   b) enforcing the USDA reparations award against Defendants to include principal, accrued interest, costs, and attorneys' fees all pursuant to statute; and

   c) granting Plaintiff reasonable costs and expenses, including attorneys' fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: November 24, 2021                    PATANE • GUMBERG • AVILA, LLP

                              By:   _____
                                    ANDREA C. AVILA
                                    Attorney for Plaintiff Jesus Rocha

# EXHIBIT A

 **Agricultural Marketing Service**

1400 Independence Ave., SW
Room 1510-S, Stop 0242
Washington, D.C.  20250-0242

August 31, 2018

In reply refer to:
File PACA W-R-2017-180

Patane, Gumberg, Avila LLP
4 Rossi Circle
Suite 231
Salinas, CA  93907

Dear Sir/Madam:

Re:   Jesus Rocha v. JW Produce, Inc.

Enclosed is the order issued on August 31, 2018, in the file referenced above under the Perishable Agricultural Commodities Act (PACA).

Please notify this office immediately in writing when your client, Jesus Rocha, receives payment of the award.  If your client wishes to petition this order, it must be submitted within 20 days from receipt of this letter.  If your client files an appeal, it must be filed in a United States District Court by **September 30, 2018**.  Information is available on our website at **www.ams.usda.gov/paca** in the Complaint Rules of Practice for the petition process and the PACA Statute for the appeal process.

If the order is not paid and JW Produce, Inc., has an active license, the license will be automatically suspended, effective close of business on **October 5, 2018**, in accordance with section 7(c) and (d) of the Act, as amended.  If the firm has an inactive license or is not licensed, then sanctions will be imposed against the business.

Additionally, the individual proprietor, partners, members/managers (Limited Liability Company), officers, directors and/or holders of more than 10 percent of the stock in the firm cannot be employed by or affiliated in any capacity with, any other licensee under the Act for a period of two years without the approval of the Secretary and the posting of a suitable surety bond.  Failure to comply could result in an extension of the employment sanctions and an administrative action against the employing firm.  If your client has knowledge of continued business activities of the firm, please notify the PACA regional office in which the complaint was filed.

We have made an initial determination that the following individual(s) holds position(s) as owner, partner(s), member(s), manager(s), officer(s), director(s) and/or stockholder(s) and are determined to be responsibly connected with the firm:

Veronica Martinez Vazquez.

Patane, Gumberg, Avila LLP
Page 2

If the order is not satisfied, your client may file suit in the United States District Court for the district in which your client is located as provided in section 7(b) of the Act, as amended. Information about your client's filing rights with the District Court is also accessible on our website by clicking the PACA Statute link.

If your client files a civil action and the civil order is paid, please notify this office promptly in writing.  You may contact our office regarding this matter at (202) 720-2890, by fax at (202) 690-2815, or by email at PACAdispute@ams.usda.gov.

Sincerely,

COREY
ELLIOTT

Digitally signed by
COREY ELLIOTT
Date: 2018.08.31
12:49:48 -04'00'

John A. Koller
for Chief, Dispute Resolution Branch
PACA Division

Enclosure

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

| | | |
|---|---|---|
| Jesus Rocha, | ) | PACA Docket No. W-R-2017-180 |
| | ) | |
| Complainant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JW Produce, Inc., | ) | |
| | ) | |
| Respondent | ) | Decision and Order |

### Preliminary Statement

Complainant instituted this reparation proceeding under the Perishable Agricultural Commodities Act, 1930, as amended (7 U.S.C. §§ 499a-499s) (PACA); and the Rules of Practice under the PACA (7 C.F.R. §§ 47.1-47.49) (Rules of Practice), by filing a timely Complaint.  Complainant seeks a reparation award against Respondent in the amount of $53,729.00 in connection with 57 lots of strawberries shipped in the course of interstate commerce.

Copies of the Report of Investigation (ROI) prepared by the Department were served upon the parties.  A copy of the Complaint was served upon the Respondent, which filed an Answer thereto, denying liability to Complainant.

Although the amount claimed in the Complaint exceeds $30,000.00, the parties waived oral hearing.  Therefore, the documentary procedure provided in section 47.20 of the Rules of Practice is applicable.  (7 C.F.R. § 47.20.)  Pursuant to this procedure, the verified pleadings of the parties are considered part of the evidence of the case, as is the Department's ROI.  In addition, the parties were given the opportunity to file evidence in

the form of verified statements and to file briefs. Complainant filed an Opening Statement, a Statement in Reply and a brief. Respondent filed an Answering Statement and a brief.

## Findings of Fact

1.      Complainant is an individual whose post office address is 14947 Meridian Road, Castroville, CA 95012. Complainant is not licensed under the PACA.

2.      Respondent is a corporation whose post office address is 529 E. Beach Street, Watsonville, CA 95076. At the time of the transactions involved herein, Respondent was licensed under the PACA.

3.      Between May 9 and 12, 2016, Complainant delivered 893 cartons of strawberries to Respondent as set forth below:

| DATE | TAG# | DESCRIPTION | QUANTITY |
|------|------|-------------|----------|
| 05/09/16 | 0124 | STRAWBERRY PINT | 224 |
| 05/10/16 | 0128 | STRAWBERRY PINT | 224 |
| 05/11/16 | 0132 | STRAWBERRY PINT | 224 |
| 05/12/16 | 0136 | STRAWBERRY 1LB | 216 |
|  | 0136 | STRAWBERRY PINT | 5 |

(Compl. Ex. 6 at 8.)

4.      Between May 11 and June 28, 2016, Complainant delivered 1,046 cartons of strawberries to Respondent as set forth below:

| DATE | TAG# | DESCRIPTION | QUANTITY |
|---|---|---|---|
| 05/31/16 | 0198 | STRAWBERRY PINT | 224 |
| 06/17/16 | 0262 | STRAWBERRY PINT | 336 |
| 06/18/16 | 0270 | STRAWBERRY PINT | 38 |
| 06/28/16 | 0329 | STRAWBERRY PINT | 448 |

(Compl. Ex. 6 at 6.)

5.    Between June 1 and 2, 2016, Complainant delivered 448 cartons of strawberries to Respondent as set forth below:

| DATE | TAG# | DESCRIPTION | QUANTITY |
|---|---|---|---|
| 06/01/16 | 0203 | STRAWBERRY PINT | 224 |
| 06/02/16 | 0208 | STRAWBERRY PINT | 224 |

(Compl. Ex. 6 at 7.)

6.    Between June 27 and July 7, 2016, Complainant delivered 1,426 cartons of strawberries to Respondent as set forth below:

| DATE | TAG# | DESCRIPTION | QUANTITY |
|---|---|---|---|
| 07/01/16 | 0345 | STRAWBERRY PINT | 336 |
| 07/02/16 | 0352 | STRAWBERRY PINT | 82 |
| 07/04/16 | 0354 | STRAWBERRY PINT | 336 |
| 07/06/16 | 0362 | STRAWBERRY PINT | 224 |
| 07/07/16 | 0365 | STRAWBERRY PINT | 448 |

(Compl. Ex. 6 at 5.)

7.     Between July 8 and 14, 2016, Complainant delivered 1,267 cartons of strawberries to Respondent as set forth below:

| DATE | TAG# | DESCRIPTION | QUANTITY |
|------|------|-------------|----------|
| 07/8/16 | 0371 | STRAWBERRY PINT | 394 |
| 07/09/16 | 0381 | STRAWBERRY PINT | 213 |
| 07/14/16 | 0395 | STRAWBERRY PINT | 448 |
| 07/14/16 | 0398 | STRAWBERRT PINT | 212 |

(Compl. Ex. 6 at 3.)

8.     Between July 16 and 29, 2016, Complainant delivered 2,688 cartons of strawberries to Respondent as set forth below:

| DATE | TAG# | DESCRIPTION | QUANTITY |
|------|------|-------------|----------|
| 07/16/16 | 0403 | STRAWBERRY PINT | 112 |
| 07/18/16 | 28069 | STRAWBERRY PINT | 224 |
| 07/20/16 | 28096 | STRAWBERRY PINT | 336 |
| 07/21/16 | 28112 | STRAWBERRY PINT | 336 |
| 07/22/16 | 28131 | STRAWBERRY PINT | 112 |
| 07/23/16 | 28143 | STRAWBERRY PINT | 112 |
| 07/25/16 | 28156 | STRAWBERRY PINT | 448 |
| 07/26/16 | 28175 | STRAWBERRY PINT | 224 |
| 07/27/16 | 28197 | STRAWBERRY PINT | 336 |
| 07/28/16 | 28210 | STRAWBERRY PINT | 336 |
| 07/29/16 | 28226 | STRAWBERRY PINT | 112 |

(Compl. Ex. 6 at 4.)

9.     Between July 19 and August 15, 2016, Complainant delivered 3,325 cartons of strawberries to Respondent as set forth below:

```
07/19/2016    448 Cartons    Tag# R000028078
08/01/2016    224 Cartons    Tag# R000028251
08/02/2016    448 Cartons    Tag# R000028264
08/03/2016    1 Carton       JW Produce Receipt # 0431
08/03/2016    253 Cartons    Tag# R000028284
08/04/2016    280 Cartons    Tag# R000028297
08/08/2016    402 Cartons    Tag# R000028329
08/09/2016    306 Cartons    Tag# R000028342
08/10/2016    323 Cartons    Tag# R000028361
08/11/2016    336 Cartons    Tag# R000028370
08/15/2016    304 Cartons    Tag# R000028401
```

(Compl. Ex. 1 at 1.)

10.    Between August 16 and 31, 2016, Complainant delivered 2,120 cartons of strawberries to Respondent as set forth below:

| DATE | TAG# | DESCRIPTION | QUANTITY |
|---|---|---|---|
| 08/16/16 | 28408 | STRAWBERRY PINT | 112 |
| 08/17/16 | 28416 | STRAWBERRY PINT | 224 |
| 08/18/16 | 28430 | STRAWBERRY PINT | 156 |
| 08/19/16 | 28441 | STRAWBERRY PINT | 112 |
| 08/20/16 | 28451 | STRAWBERRY PINT | 112 |
| 08/22/16 | 43963 | STRAWBERRY PINT | 148 |
| 08/23/16 | 0451 | STRAWBERRY PINT | 224 |
| 08/24/16 | 28495 | STRAWBERRY PINT | 340 |
| 08/25/16 | 28509 | STRAWBERRY PINT | 140 |
| 08/29/16 | 40572 | STRAWBERRY PINT | 104 |
| 08/30/16 | 28544 | STRAWBERRY PINT | 224 |
| 08/31/16 | 28555 | STRAWBERRY PINT | 224 |

(Compl. Ex. 6 at 2.)

11.    Between September 1 and 14, 2016, Complainant delivered 2,011 cartons of strawberries to Respondent as set forth below:

| DATE | TAG# | DESCRIPTION | QUANTITY |
|------|------|-------------|----------|
| 09/01/16 | 28574 | STRAWBERRY PINT | 224 |
| 09/01/16 | 28577 | STRAWBERRY PINT | 112 |
| 09/02/16 | 28588 | STRAWBERRY PINT | 224 |
| 09/03/16 | 28598 | STRAWBERRY PINT | 331 |
| 09/05/16 | 28605 | STRAWBERRY PINT | 112 |
| 09/12/16 | 28677 | STRAWBERRY PINT | 336 |
| 09/13/16 | 28689 | STRAWBERRY PINT | 336 |
| 09/14/16 | 28707 | STRAWBERRY PINT | 224 |
| 09/14/16 | 28711 | STRAWBERRY PINT | 112 |

(Compl. Ex. 6 at 1.)

12.     Respondent paid Complainant a total of $82,277.00 for the strawberries

delivered between May 9, 2016 and September 14, 2016.  (Compl. Ex. 3.)

13.     Respondent paid Complainant a total of $12,014.00 for the strawberries

delivered between September 1 and 12, 2016 with check numbers 7884, 7885, and 7886.

Check number 7886, in the amount of $4,004.68, was returned due to nonsufficient

funds.  (Compl. ¶ 4b, Ex. 5 at 1.)

14.     The informal complaint was filed on April 3, 2017 (ROI Ex. 001), which

is within nine months from the date the cause of action accrued.

### Conclusions

When Complainant submitted his Complaint, he stated that a total of $53,729.00

was owed by Respondent for 57 lots of strawberries delivered between April 27, 2016,

and September 14, 2016.  (Compl. ¶ 4.)  Complainant subsequently submitted a sworn

Opening Statement wherein he states Respondent issued a payment in the amount of

$20,984.00 on October 16, 2017, thereby reducing the current balance owed to

Complainant to $32,745.00.  (Opening Stmt. ¶ 3.)  In his sworn Statement in Reply,

Complainant states Respondent issued another payment to Complainant on January 11, 2018, in the amount of $4,016.68; however, Complainant states the bank was unable to cash the check so the balance owed to Complainant, not including interest, fees or costs, remains $32,745.00.  (Stmt. in Reply ¶ 1a, Ex. A.)

Complainant contends the parties had an agreement whereby Respondent would pay $9.00 per carton for all cartons of strawberries purchased from Complainant. (Compl. ¶ 4.)  Complainant states Respondent (1) failed to pay for 3,325 cartons of strawberries delivered between July 19 and August 15, 2016 (Compl. ¶ 4a); (2) issued a check to Complainant in the amount of $4,004.68 that was returned for nonsufficient funds (Compl. ¶ 4b); and (3) paid less than the $9.00 per carton contract price when it remitted payment for the strawberries to Complainant (Compl. ¶ 4c).  In support of these contentions, Complainant submitted copies of three invoices prepared on June 27, 2017; one for the unpaid shipments, one for the amount of the returned check, and one for the alleged short payments.  (Compl. Ex. 1-3.)

In response to Complainant's allegations, Respondent submitted an unsworn Answer wherein Respondent's Esteban Martinez asserts that when Complainant began bringing pallets of strawberries to Respondent's facility, Respondent advised Complainant that they could take the pallets but the price paid would be based on the market price.  (Answer at 1.)  Mr. Martinez states further that the parties never settled on a firm price.  (Answer at 1.)  Mr. Martinez repeats these allegations in an affidavit submitted as Respondent's Answering Stmt.  (Answering Stmt. ¶¶ 13.)  Mr. Martinez also states that Respondent has already paid any and all amounts due Complainant for the

strawberries, and that Complainant "accepted all such amounts as payment in full." (Answering Stmt. ¶ 18.)

In reparation proceedings, a complainant has the burden of proving all of the allegations of its complaint including the existence of a contract with the respondent, the terms of the contract, respondent's breach of the contract, and the resulting damages, by a preponderance of the evidence. *Sun World International, Inc. v. J. Nichols Produce Co., Inc.*, 46 Agric. Dec. 893, 894 (1987); *W.W. Rodgers & Sons v. California Produce Distributors, Inc.*, 34 Agric. Dec. 914, 919 (1975); *New York Produce Trade Association, Inc. v. Sidney Sandler, Inc.*, 32 Agric. Dec. 702, 705 (1973). Apart from his sworn statement, which is refuted by the testimony of Respondent's Esteban Martinez, the only other evidence Complainant submitted to support his contention that Respondent agreed to pay $9.00 per carton for the strawberries is his invoice prepared on June 27, 2017, nine months after the last shipment of strawberries took place. Absent any evidence from the time of the transactions indicating that Respondent agreed to pay $9.00 per carton for the strawberries, we find that Complainant has failed to sustain its burden of proof in this regard.

Although Complainant has failed to establish that Respondent agreed to purchase the strawberries at the contract price alleged, Respondent acknowledges receiving the strawberries and it is, therefore, liable to Complainant for the reasonable value of the strawberries it received. *A.P.S. Marketing, Inc. v. R.S. Hanline & Co., Inc.*, 59 Agric. Dec. 407, 413 (2000). While Respondent argues that the price of the strawberries was to be based on their market price, i.e., Respondent's resale price,[1] Respondent did not

---

[1] In Respondent's brief, counsel raises the argument that Respondent was handling the strawberries on consignment. (Respondent's Brief ¶ IIB1.) Respondent did not use the term "consignment" in reference to

submit an account of sales for the strawberries to establish that value. Without an account of sales, we will refer exclusively to relevant USDA Market News reports to determine a reasonable price for the strawberries.

The evidence submitted by Complainant indicates that the strawberries were packed in pint-size containers. USDA Market News reports for strawberries produced in the Salinas/Watsonville area of California during the time period in question do not, however, include prices for strawberries in pint-size containers. The only prices shown are for strawberries packed in 8/1-pound containers. Therefore, in the table below we provided a column showing the market price for 8/1-pound containers of strawberries, which weigh eight pounds, and the pound-equivalent price for strawberries in 12/1-pint containers, which weigh 12 pounds:

| Date | Tag # | Quantity | Ctr. | 8-1 Lb. Price | 12-1 Pint Price | Total |
|------|-------|----------|------|---------------|-----------------|-------|
| 7/04/2016 | 0354 | 336 | Pint | $8.00 | $12.00 | $4,032.00 |
| 7/06/2016 | 0362 | 224 | Pint | $8.00 | $12.00 | $2,688.00 |
| 7/07/2016 | 0365 | 448 | Pint | $8.00 | $12.00 | $5,376.00 |
| 7/08/2016 | 0371 | 394 | Pint | $8.00 | $12.00 | $4,728.00 |
| 7/09/2016 | 0381 | 213 | Pint | $8.00 | $12.00 | $2,556.00 |
| 7/14/2016 | 0395 | 448 | Pint | $8.00 | $12.00 | $5,376.00 |
| 7/14/2016 | 0398 | 212 | Pint | $8.00 | $12.00 | $2,544.00 |
| 7/16/2016 | 0403 | 112 | Pint | $8.00 | $12.00 | $1,344.00 |
| 7/18/2016 | 28069 | 224 | Pint | $8.50 | $12.75 | $2,856.00 |
| 7/19/2016 | 28078 | 448 | Pint | $9.00 | $13.50 | $6,048.00 |
| 7/20/2016 | 28096 | 336 | Pint | $9.00 | $13.50 | $4,536.00 |
| 7/21/2016 | 28112 | 336 | Pint | $8.50 | $12.75 | $4,284.00 |
| 7/22/2016 | 28131 | 112 | Pint | $8.50 | $12.75 | $1,428.00 |
| 7/23/2016 | 28143 | 112 | Pint | $8.50 | $12.75 | $1,428.00 |
| 7/25/2016 | 28156 | 448 | Pint | $9.50 | $14.25 | $6,384.00 |
| 7/26/2016 | 28175 | 224 | Pint | $9.50 | $14.25 | $3,192.00 |

the strawberries at any time prior to the submission of its brief. Briefs are filed after the submission of evidence is complete. Counsel's attempt to raise a new argument at a time when Complainant no longer had the opportunity to submit evidence in rebuttal is inappropriate. Moreover, as Respondent failed to perform the duties of a consignee by providing Complainant with an account of sales, the consignment argument is of no consequence.

| 7/27/2016 | 28197 | 336 | Pint | $9.50 | $14.25 | $4,788.00 |
|---|---|---|---|---|---|---|
| 7/28/2016 | 28210 | 336 | Pint | $9.00 | $13.50 | $4,536.00 |
| 7/29/2016 | 28226 | 112 | Pint | $9.00 | $13.50 | $1,512.00 |
| 8/01/2016 | 28251 | 224 | Pint | $9.00 | $13.50 | $3,024.00 |
| 8/02/2016 | 28264 | 448 | Pint | $9.00 | $13.50 | $6,048.00 |
| 8/03/2016 | JW 0431 | 1 | 1-Lb. | $9.00 | NA | $9.00 |
| 8/03/2016 | 28284 | 253 | Pint | $9.00 | $13.50 | $3,415.50 |
| 8/04/2016 | 28297 | 280 | Pint | $9.00 | $13.50 | $3,780.00 |
| 8/08/2016 | 28329 | 402 | Pint | $9.00 | $13.50 | $5,427.00 |
| 8/09/2016 | 28342 | 306 | Pint | $9.00 | $13.50 | $4,131.00 |
| 8/10/2016 | 28361 | 323 | Pint | $9.50 | $14.25 | $4,602.75 |
| 8/11/2016 | 28370 | 336 | Pint | $9.50 | $14.25 | $4,788.00 |
| 8/15/2016 | 28401 | 304 | Pint | $10.00 | $15.00 | $4,560.00 |
| 8/16/2016 | 28408 | 112 | Pint | $10.00 | $15.00 | $1,680.00 |
| 8/17/2016 | 28416 | 224 | Pint | $11.00 | $16.50 | $3,696.00 |
| 8/18/2016 | 28430 | 156 | Pint | $11.50 | $17.25 | $2,691.00 |
| 8/19/2016 | 28441 | 112 | Pint | $11.50 | $17.25 | $1,932.00 |
| 8/20/2016 | 28451 | 112 | Pint | $11.50 | $17.25 | $1,932.00 |
| 8/22/2016 | 43963 | 148 | Pint | $11.50 | $17.25 | $2,553.00 |
| 8/23/2016 | 0451 | 224 | Pint | $11.50 | $17.25 | $3,864.00 |
| 8/24/2016 | 28495 | 340 | Pint | $10.00 | $15.00 | $5,100.00 |
| 8/25/2016 | 28509 | 140 | Pint | $9.50 | $14.25 | $1,995.00 |
| 8/29/2016 | 40572 | 104 | Pint | $8.50 | $12.75 | $1,326.00 |
| 8/30/2016 | 28544 | 224 | Pint | $7.00 | $10.50 | $2,352.00 |
| 8/31/2016 | 28555 | 224 | Pint | $7.00 | $10.50 | $2,352.00 |
| 9/01/2016 | 28574 | 224 | Pint | $7.00 | $10.50 | $2,352.00 |
| 9/01/2016 | 28577 | 112 | Pint | $7.00 | $10.50 | $1,176.00 |
| 9/02/2016 | 28588 | 224 | Pint | $7.00 | $10.50 | $2,352.00 |
| 9/03/2016 | 28598 | 331 | Pint | $7.00 | $10.50 | $3,475.50 |
| 9/05/2016 | 28605 | 112 | Pint | $7.00 | $10.50 | $1,176.00 |
| 9/12/2016 | 28677 | 336 | Pint | $6.50 | $9.75 | $3,276.00 |
| 9/13/2016 | 28689 | 336 | Pint | $6.50 | $9.75 | $3,276.00 |
| 9/14/2016 | 28707 | 224 | Pint | $6.50 | $9.75 | $2,184.00 |
| 9/14/2016 | 28711 | 112 | Pint | $6.50 | $9.75 | $1,092.00 |
| TOTALS: | | 12,419 | | | | $161,253.75 |

The table above does not include shipments prior to July 3, 2016 because Complainant's informal complaint, which was received by the Department on April 3, 2017, was not timely filed for those transactions.  7 C.F.R. § 47.3(a)(1).

For the first part of his Complaint, Complainant asserts that Respondent failed to pay for 3,325 cartons of strawberries delivered between July 19 and August 15, 2016. (Compl. ¶ 4a.)  The strawberries in those shipments have a total reasonable value of $45,833.25, as set forth below:

| Date | Tag # | Quantity | Price | Total |
|------|-------|----------|-------|-------|
| 7/19/2016 | 28078 | 448 | $13.50 | $6,048.00 |
| 8/01/2016 | 28251 | 224 | $13.50 | $3,024.00 |
| 8/02/2016 | 28264 | 448 | $13.50 | $6,048.00 |
| 8/03/2016 | JW 0431 | 1 | $9.00 | $9.00 |
| 8/03/2016 | 28284 | 253 | $13.50 | $3,415.50 |
| 8/04/2016 | 28297 | 280 | $13.50 | $3,780.00 |
| 8/08/2016 | 28329 | 402 | $13.50 | $5,427.00 |
| 8/09/2016 | 28342 | 306 | $13.50 | $4,131.00 |
| 8/10/2016 | 28361 | 323 | $14.25 | $4,602.75 |
| 8/11/2016 | 28370 | 336 | $14.25 | $4,788.00 |
| 8/15/2016 | 28401 | 304 | $15.00 | $4,560.00 |
| TOTALS: | | 3,325 | | $45,833.25 |

For the third part of his Complaint, Complainant states Respondent paid less than the $9.00 per carton contract price when it remitted payment for the strawberries. (Compl. ¶ 4c.)  In support of this contention, Complainant prepared "INVOICE #C" that reads, in pertinent part, as follows:

| Statement | Boxes/ Cartons | Amount @ $9.00 | Actual Amount Paid | Difference |
|-----------|----------------|----------------|--------------------|------------|
| 09/01/16-09/14/16 | 2011 | $18,099 | $12,066 | $6,033 |
| 08/16/16-08/31/16 | 2120 | 19,080 | 13,780 | 5,300 |
| 07/08/16-07/14/16 | 1267 | 11,403 | 10,136 | 1,267 |
| 07/16/16-07/29/16 | 2688 | 24,192 | 21,504 | 2,688 |
| 07/01/16-07/07/16 | 1426 | 12,834 | 10,695 | 2,139 |
| 05/31/16-06/28/16 | 1046 | 9,414 | 8,368 | 1,046 |
| 06/01/16-06/02/16 | 448 | 4,032 | 3,584 | 448 |
| 05/09/16-05/12/16 | 893 | 8,037 | 7,144 | 893 |
| TOTALS | | $107,091 | $82,277 | **$19,814** |

(Compl. Ex. 3.)  Based on the payments shown on this invoice, it appears Respondent paid Complainant a total of $65,046.00 for the strawberries delivered between July 4, 2016 and September 14, 2016.  At the alleged contract price of $9.00 per carton, the amount due for these strawberries would total $81,846.00.  (Compl. Ex. 3, 6.)

As we have determined that Complainant failed to establish that the parties agreed upon a price of $9.00 per carton, we will apply Respondent's payments totaling $65,046.00 to the reasonable value of the strawberries delivered between July 4, 2016 and September 14, 2016.  Those shipments have a reasonable value of $132,494.25, as set forth more fully below:

| Date | Tag # | Quantity | Price | Total |
|------|-------|----------|-------|-------|
| 7/04/2016 | 0354 | 336 | $12.00 | $4,032.00 |
| 7/06/2016 | 0362 | 224 | $12.00 | $2,688.00 |
| 7/07/2016 | 0365 | 448 | $12.00 | $5,376.00 |
| 7/08/2016 | 0371 | 394 | $12.00 | $4,728.00 |
| 7/09/2016 | 0381 | 213 | $12.00 | $2,556.00 |
| 7/14/2016 | 0395 | 448 | $12.00 | $5,376.00 |
| 7/14/2016 | 0398 | 212 | $12.00 | $2,544.00 |
| 7/16/2016 | 0403 | 112 | $12.00 | $1,344.00 |
| 7/18/2016 | 28069 | 224 | $12.75 | $2,856.00 |
| 7/20/2016 | 28096 | 336 | $13.50 | $4,536.00 |
| 7/21/2016 | 28112 | 336 | $12.75 | $4,284.00 |
| 7/22/2016 | 28131 | 112 | $12.75 | $1,428.00 |
| 7/23/2016 | 28143 | 112 | $12.75 | $1,428.00 |
| 7/25/2016 | 28156 | 448 | $14.25 | $6,384.00 |
| 7/26/2016 | 28175 | 224 | $14.25 | $3,192.00 |
| 7/27/2016 | 28197 | 336 | $14.25 | $4,788.00 |
| 7/28/2016 | 28210 | 336 | $13.50 | $4,536.00 |
| 7/29/2016 | 28226 | 112 | $13.50 | $1,512.00 |
| 8/16/2016 | 28408 | 112 | $13.50 | $3,024.00 |
| 8/17/2016 | 28416 | 224 | $13.50 | $6,048.00 |
| 8/18/2016 | 28430 | 156 | $9.00 | $9.00 |
| 8/19/2016 | 28441 | 112 | $13.50 | $3,415.50 |
| 8/20/2016 | 28451 | 112 | $13.50 | $3,780.00 |
| 8/22/2016 | 43963 | 148 | $13.50 | $5,427.00 |
| 8/23/2016 | 0451 | 224 | $13.50 | $4,131.00 |

| 8/24/2016 | 28495 | 340 | $14.25 | $4,602.75 |
|---|---|---|---|---|
| 8/25/2016 | 28509 | 140 | $14.25 | $4,788.00 |
| 8/29/2016 | 40572 | 104 | $15.00 | $4,560.00 |
| 8/30/2016 | 28544 | 224 | $15.00 | $1,680.00 |
| 8/31/2016 | 28555 | 224 | $16.50 | $3,696.00 |
| 9/01/2016 | 28574 | 224 | $17.25 | $2,691.00 |
| 9/01/2016 | 28577 | 112 | $17.25 | $1,932.00 |
| 9/02/2016 | 28588 | 224 | $17.25 | $1,932.00 |
| 9/03/2016 | 28598 | 331 | $17.25 | $2,553.00 |
| 9/05/2016 | 28605 | 112 | $17.25 | $3,864.00 |
| 9/12/2016 | 28677 | 336 | $15.00 | $5,100.00 |
| 9/13/2016 | 28689 | 336 | $14.25 | $1,995.00 |
| 9/14/2016 | 28707 | 224 | $12.75 | $1,326.00 |
| 9/14/2016 | 28711 | 112 | $10.50 | $2,352.00 |
| TOTALS: | | 9,094 | | $132,494.25 |
| LESS PAYMENTS: | | | | $65,046.00 |
| BALANCE DUE: | | | | $67,448.25 |

For the second part of his Complaint, Complainant contends that a check payment tendered by Respondent in the amount of $4,004.68 for strawberries shipped from September 1 through September 12, 2016 was returned by the bank due to nonsufficient funds. (Compl. ¶ 4b.) The evidence submitted by Complainant supports this contention. (Compl. Ex. 5.) While the record also shows Respondent tendered a replacement check to Complainant in the amount of $4,016.68 (Stmt. in Reply Ex. A), Complainant states the bank was unable to cash this check. (Stmt. in Reply ¶ 1a.) Respondent acknowledges in its brief that the check has not been cashed. (Respondent's Brief ¶ IIA.) We therefore find that Respondent still owes Complainant $4,004.68 for the initial nonsufficient funds check that it tendered to Complainant.

When the $4,004.68 for the nonsufficient funds check is added to balance due of $67,448.25 for the strawberries delivered between July 4, 2016 and September 14, 2016, and the $45,833.25 reasonable value of the strawberries delivered between July 19, 2016 and August 15, 2016, the total amount due Complainant from Respondent is $117,286.19

($4,004.68 + $67,448.25 + $45,833.25).  As we mentioned earlier in our discussion,

Respondent made an additional payment to Complainant of $20,984.00 after the

Complaint was filed.  While Respondent asserts that this check was issued as full

payment of all amounts owed to Complainant (Answering Stmt. ¶ 15), Respondent did

not submit any evidence to substantiate this contention.  We therefore find that there

remains a balance due Complainant from Respondent for the strawberries of $96,302.19

($117,286.19 - $20,984.00).

Since Complainant sought to recover only $32,745.00 as the reasonable value of

the strawberries at issue in this proceeding, Complainant's award will be limited to the

amount requested.  *See, e.g., Barton Willoughby d/b/a Willoughby Farms v. Frito-Lay,*

*Inc.,* 45 Agric. Dec. 1245, 1263 (1985).  *Also, Clark Produce v. Primary Export*

*International, Inc.,* 52 Agric. Dec. 1710, 1718 (1993); *Denice and Felice Packing Co. v.*

*Corgan & Son,* 45 Agric. Dec. 785, 788 (1986).

Respondent's failure to pay Complainant $32,745.00 is a violation of section 2 of

the PACA (7 U.S.C. § 499b) for which reparation should be awarded to Complainant.

Section 5(a) of the PACA (7 U.S.C. § 499e(a)) requires that we award to the person or

persons injured by a violation of section 2 of the PACA (7 U.S.C. § 499b) "the full

amount of damages . . . sustained in consequence of such violation." 7 U.S.C. § 499e(a).

Such damages, where appropriate, include interest.  *See Louisville & Nashville R.R. v.*

*Sloss-Sheffield Steel & Iron Co.,* 269 U.S. 217, 239-40 (1925); *see also Rou v. Severt*

*Sons Produce, Inc.,* 70 Agric. Dec. 489, 498 (2011); *Rogers Bros. Farms, Inc. v. Skyline*

*Potato Co.,* 69 Agric. Dec. 1599, 1618 (2010).  The interest to be applied

> shall be determined in accordance with 28 U.S.C. § 1961, i.e., the interest
> rate shall be calculated . . . at a rate equal to the weekly average one-year
> constant maturity treasury yield, as published by the Board of Governors
> of the Federal Reserve System, for the calendar week preceding the date
> of the Order.

*PGB Int'l, LLC v. Bayche Cos.*, 65 Agric. Dec. 669, 672-73 (2006); Notice of

Change in Interest Rate Awarded in Reparation Proceedings Under the Perishable

Agricultural Commodities Act, 71 Fed. Reg. 25,133 (Apr. 28, 2006).

Complainant seeks pre-judgment interest on the unpaid produce shipments listed

in the Complaint at a rate of 18 percent per annum. Complainant's claim is apparently

based on its invoices to Respondent, which include the statement "PLUS 18% ANNUM"

next to the amount due. (Compl. Ex. 1-3.) As we already noted, these invoices were

prepared approximately nine months after the transactions took place. As such, we find

that they fail as evidence of the terms agreed upon at the time of the transactions.

Consequently, we find that Complainant has failed to sustain its burden to prove that a

provision for the payment of pre-judgment interest was made a part of the contracts

negotiated between the parties. Post-judgment interest to be applied

> shall be determined in accordance with 28 U.S.C. § 1961, i.e., the interest
> rate shall be calculated . . . at a rate equal to the weekly average one-year
> constant maturity treasury yield, as published by the Board of Governors
> of the Federal Reserve System, for the calendar week preceding the date
> of the Order.

*PGB Int'l, LLC v. Bayche Cos.*, 65 Agric. Dec. 669, 672-73 (2006); Notice of

Change in Interest Rate Awarded in Reparation Proceedings Under the Perishable

Agricultural Commodities Act, 71 Fed. Reg. 25,133 (Apr. 28, 2006).

Complainant in this action paid $500.00 to file its formal Complaint as required by section 47.6(c) of the Rules of Practice (7 C.F.R. § 47.6(c)).  Pursuant to 7 U.S.C. § 499e(a), the party found to have violated section 2 of the PACA (7 U.S.C. § 499b) is liable for any handling fees paid by the injured party.

### Order

Within 30 days from the date of this Order, Respondent shall pay Complainant as reparation $32,745.00, with interest thereon at the rate of _2.44_ percent per annum from October 1, 2016, until paid, plus the amount of $500.00.

Copies of this Order shall be served upon the parties.

Done at Washington, D.C.

AUG 3 1 2018

William G. Jenson
Judicial Officer
Office of the Secretary

# EXHIBIT B

 **Agricultural**
**Marketing**
**Service**

1400 Independence Ave., SW
Room 1510-S, Stop 0242
Washington, D.C.  20250-0242

November 28, 2018

In reply refer to:
File PACA W-R-2017-180

Patane, Gumberg, Avila LLP
4 Rossi Circle
Suite 231
Salinas, CA  93907

Dear Sir/Madam:

Re:   Jesus Rocha v. JW Produce, Inc.

Enclosed is the order issued on November 28, 2018, in the file referenced above under the
Perishable Agricultural Commodities Act (PACA).

Please notify this office immediately in writing when your client, Jesus Rocha, receives
payment of the award.  If your client files an appeal, it must be filed in a United States District
Court by **December 28, 2018**.  Information is available on our website at
**www.ams.usda.gov/paca** in the PACA Statute for the appeal process.

If the order is not paid and JW Produce, Inc., has an active license, the license will be
automatically suspended, effective close of business on **January 4, 2019**, in accordance with
section 7(c) and (d) of the Act, as amended.  If the firm has an inactive license or is not
licensed, then sanctions will be imposed against the business.

Additionally, the individual proprietor, partners, members/managers (Limited Liability
Company), officers, directors and/or holders of more than 10 percent of the stock in the firm
cannot be employed by or affiliated in any capacity with, any other licensee under the Act for a
period of two years without the approval of the Secretary and the posting of a suitable surety
bond.  Failure to comply could result in an extension of the employment sanctions and an
administrative action against the employing firm.  If your client has knowledge of continued
business activities of the firm, please notify the PACA regional office in which the complaint
was filed.

We have made an initial determination that the following individual(s) holds position(s) as
owner, partner(s), member(s), manager(s), officer(s), director(s) and/or stockholder(s) and are
determined to be responsibly connected with the firm:

Veronica Martinez Vazquez.

Patane, Gumberg, Avila LLP
Page 2

If the order is not satisfied, your client may file suit in the United States District Court for the district in which your client is located as provided in section 7(b) of the Act, as amended. Information about your client's filing rights with the District Court is also accessible on our website by clicking the PACA Statute link.

If your client files a civil action and the civil order is paid, please notify this office promptly in writing.  You may contact our office regarding this matter at (202) 720-2890, by fax at (202) 690-2815, or by email at PACAdispute@usda.gov.

Sincerely,

COREY
ELLIOTT

Digitally signed by
COREY ELLIOTT
Date: 2018.11.28
16:52:36 -05'00'

John A. Koller
for Chief, Dispute Resolution Branch
PACA Division

Enclosure

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

| | | |
|---|---|---|
| Jesus Rocha, | ) | PACA Docket No. W-R-2017-180 |
| | ) | |
| Complainant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JW Produce, Inc., | ) | |
| | ) | |
| Respondent | ) | Order on Reconsideration |

In this reparation proceeding under the Perishable Agricultural Commodities Act of 1930 (PACA), as amended (7 U.S.C. § 499a *et seq.*), a Decision and Order was issued on August 31, 2018, in which Respondent was ordered to pay Complainant as reparation $32,745.00, with interest thereon at the rate of 2.44 percent per annum from October 1, 2016, until paid, plus the amount of $500.00. On September 25, 2018, the Department received from Respondent's attorney a Petition for Reconsideration of the Order (Petition). A copy of the Petition was served on counsel for Complainant, who submitted a response stating that the Petition was not timely filed and refuting the arguments raised in the Petition.

Before we consider the arguments raised in the Petition, we will address Complainant's contention that the Petition was not timely filed. The Rules of Practice under the PACA state that a petition for reconsideration of the order shall be made by petition to the Secretary filed with the Hearing Clerk within 20 days after the date of service of the order. 7 C.F.R. § 47.24(a). The Decision and Order was served on Respondent's attorney on September 5, 2018, which means that Respondent had until

September 25, 2018, to file its Petition.  On this basis, we conclude that Respondent's

Petition, which was received by the Department on September 25, 2018, was timely filed.

In the Petition, counsel for Respondent asserts first that the Judicial Officer made

an assumption in determining that the market value for boxes with 12 pint-sized

containers of strawberries could be considered 50 percent higher than the market value

for boxes with eight one-pound containers of strawberries.  (Petition at 2.)  Counsel states

the weight of 12 1-pint containers is approximately eight pounds, not 12 pounds as the

Decision and Order states.  (Petition at 2.)  Counsel states this erroneous assumption

resulted in an error in the calculation of damages.  (Petition at 2.)

In the Decision, an adjustment was made to the prices reported by USDA Market

News for 8/1-pound containers of strawberries to account for the difference in weight

between those containers and the 12/1-pint containers at issue in the dispute.  In so doing,

an assumption was made that a pint of strawberries contained two cups, or 16 ounces.

While two cups equal a pint in liquid measurement, a pint container of strawberries

contains only approximately three-quarters of a pound, or 12 ounces, of strawberries.

This means that 12/1-pint containers of strawberries weigh 144 pounds, or 12.5 percent

more than 8/1 pound containers, which weigh 128 pounds.  Therefore, the market price of

the 8/1-pound containers of strawberries should have been increased by 12.5 percent,

rather than 50 percent, to establish the market value of the 12/1-pint containers of

strawberries in question.  The results of this calculation are set forth in the table below:

| Date | Tag # | Quantity | Ctr. | 8-1 Lb. Mkt. Price | 12-1 Pint Price | 12-1 Pint Total Price |
|------|-------|----------|------|--------------------|-----------------|-----------------------|
| 7/04/2016 | 0354 | 336 | Pint | $8.00 | $9.00 | $3,024.00 |
| 7/06/2016 | 0362 | 224 | Pint | $8.00 | $9.00 | $2,016.00 |
| 7/07/2016 | 0365 | 448 | Pint | $8.00 | $9.00 | $4,032.00 |
| 7/08/2016 | 0371 | 394 | Pint | $8.00 | $9.00 | $3,546.00 |

| Date | Number | Qty | Unit | Price 1 | Price 2 | Total |
|---|---|---|---|---|---|---|
| 7/09/2016 | 0381 | 213 | Pint | $8.00 | $9.00 | $1,917.00 |
| 7/14/2016 | 0395 | 448 | Pint | $8.00 | $9.00 | $4,032.00 |
| 7/14/2016 | 0398 | 212 | Pint | $8.00 | $9.00 | $1,908.00 |
| 7/16/2016 | 0403 | 112 | Pint | $8.00 | $9.00 | $1,008.00 |
| 7/18/2016 | 28069 | 224 | Pint | $8.50 | $9.56 | $2,141.44 |
| 7/19/2016 | 28078 | 448 | Pint | $9.00 | $10.13 | $4,536.00 |
| 7/20/2016 | 28096 | 336 | Pint | $9.00 | $10.13 | $3,403.68 |
| 7/21/2016 | 28112 | 336 | Pint | $8.50 | $9.56 | $3,212.16 |
| 7/22/2016 | 28131 | 112 | Pint | $8.50 | $9.56 | $1,070.72 |
| 7/23/2016 | 28143 | 112 | Pint | $8.50 | $9.56 | $1,070.72 |
| 7/25/2016 | 28156 | 448 | Pint | $9.50 | $10.69 | $4,789.12 |
| 7/26/2016 | 28175 | 224 | Pint | $9.50 | $10.69 | $2,394.56 |
| 7/27/2016 | 28197 | 336 | Pint | $9.50 | $10.69 | $3,591.84 |
| 7/28/2016 | 28210 | 336 | Pint | $9.00 | $10.13 | $3,403.68 |
| 7/29/2016 | 28226 | 112 | Pint | $9.00 | $10.13 | $1,134.56 |
| 8/01/2016 | 28251 | 224 | Pint | $9.00 | $10.13 | $2,269.12 |
| 8/02/2016 | 28264 | 448 | Pint | $9.00 | $10.13 | $4,538.24 |
| 8/03/2016 | JW 0431 | 1 | 1-Lb. | $9.00 | $9.00 | $9.00 |
| 8/03/2016 | 28284 | 253 | Pint | $9.00 | $10.13 | $2,562.89 |
| 8/04/2016 | 28297 | 280 | Pint | $9.00 | $10.13 | $2,836.40 |
| 8/08/2016 | 28329 | 402 | Pint | $9.00 | $10.13 | $4,072.26 |
| 8/09/2016 | 28342 | 306 | Pint | $9.00 | $10.13 | $3,099.78 |
| 8/10/2016 | 28361 | 323 | Pint | $9.50 | $10.69 | $3,452.87 |
| 8/11/2016 | 28370 | 336 | Pint | $9.50 | $10.69 | $3,591.84 |
| 8/15/2016 | 28401 | 304 | Pint | $10.00 | $11.25 | $3,420.00 |
| 8/16/2016 | 28408 | 112 | Pint | $10.00 | $11.25 | $1,260.00 |
| 8/17/2016 | 28416 | 224 | Pint | $11.00 | $12.38 | $2,773.12 |
| 8/18/2016 | 28430 | 156 | Pint | $11.50 | $12.94 | $2,018.64 |
| 8/19/2016 | 28441 | 112 | Pint | $11.50 | $12.94 | $1,449.28 |
| 8/20/2016 | 28451 | 112 | Pint | $11.50 | $12.94 | $1,449.28 |
| 8/22/2016 | 43963 | 148 | Pint | $11.50 | $12.94 | $1,915.12 |
| 8/23/2016 | 0451 | 224 | Pint | $11.50 | $12.94 | $2,898.56 |
| 8/24/2016 | 28495 | 340 | Pint | $10.00 | $11.25 | $3,825.00 |
| 8/25/2016 | 28509 | 140 | Pint | $9.50 | $10.69 | $1,496.60 |
| 8/29/2016 | 40572 | 104 | Pint | $8.50 | $9.56 | $994.24 |
| 8/30/2016 | 28544 | 224 | Pint | $7.00 | $7.88 | $1,765.12 |
| 8/31/2016 | 28555 | 224 | Pint | $7.00 | $7.88 | $1,765.12 |
| 9/01/2016 | 28574 | 224 | Pint | $7.00 | $7.88 | $1,765.12 |
| 9/01/2016 | 28577 | 112 | Pint | $7.00 | $7.88 | $882.56 |
| 9/02/2016 | 28588 | 224 | Pint | $7.00 | $7.88 | $1,765.12 |
| 9/03/2016 | 28598 | 331 | Pint | $7.00 | $7.88 | $2,608.28 |
| 9/05/2016 | 28605 | 112 | Pint | $7.00 | $7.88 | $882.56 |
| 9/12/2016 | 28677 | 336 | Pint | $6.50 | $7.31 | $2,456.16 |
| 9/13/2016 | 28689 | 336 | Pint | $6.50 | $7.31 | $2,456.16 |
| 9/14/2016 | 28707 | 224 | Pint | $6.50 | $7.31 | $1,637.44 |
| 9/14/2016 | 28711 | 112 | Pint | $6.50 | $7.31 | $818.72 |
| TOTALS: | | 12,419 | | | | $120,966.08 |

As indicated above, the 12,419 cartons of strawberries in question had a total market value of $120,966.08.

In the Petition, counsel for Respondent also asserts that the Judicial Officer erroneously stated that there were no accounts of sale submitted by Respondent. (Petition at 3.) In connection with this assertion, counsel references Exhibit 6 to the Complaint. (Petition at 3.) Complainant's Exhibit 6 consists of the delivery receipts for the strawberries, which have been modified to include the return price that Respondent intended to pay Complainant for each lot of strawberries. Respondent presumably determined the return price based on its actual sales of the strawberries. Respondent did not, however, provide an account of sales showing the details of each individual sale, including the date of sale, quantity sold, and price, to show how it arrived at the return prices reported to Complainant. Without this information, we conclude that the relevant prices reported by USDA Market News, adjusted for the difference in container size, present the best available evidence of the value of the strawberries in question.

We determined above that the strawberries had a total market value of $120,966.08. To this amount we will add $4,004.68 for the check tendered by Respondent that was returned by the bank for nonsufficient funds, and deduct Respondent's payments in the amounts of $65,046.00 and $20,984.00, which leaves a net amount due Complainant from Respondent for the strawberries of $38,940.76. As the amount requested by Complainant, $32,745.00, is less, Respondent is only liable to Complainant for the lesser amount claimed.

In the Petition, counsel for Respondent argues that an award to Complainant of the full amount claimed is improper because the amount claimed by Complainant includes sums for transactions that fall outside of the nine (9) month statute of limitations under the PACA. (Petition at 4.) As counsel points out in its Petition, Complainant's

claim was not timely filed for transactions prior to July 3, 2016 (Decision at 10), and $5,522.00 of the amount claimed by Complainant stems from transactions that occurred prior to July 3, 2016.  (Compl. Ex. 3 at 1, Ex. 6 at 5.)  As the amount requested by Complainant for the transactions over which the Secretary has jurisdiction totals only $27,223.00 ($32,745.00 less $5,522.00), Complainant's award should be limited to the $27,223.00 requested.[1]

Upon reconsideration of the evidence and for the reasons cited, we are granting Respondent's Petition, in part, and amending the Decision and Order of August 31, 2018 to show $27,223.00 as the amount due Complainant from Respondent for the strawberries.

There will be no further stays of this Order based on further petitions for reconsideration to this forum.  The parties' right to appeal to the district court is found in section 7 of the Act (7 U.S.C. § 499g).

### Order

Within 30 days from the date of this Order, Respondent shall pay Complainant as reparation $27,223.00, with interest thereon at the rate of 2.44 percent per annum from October 1, 2016, until paid, plus the amount of $500.00.

Copies of this Order shall be served upon the parties.

Done at Washington, D.C.

Bobbie V. McCartney
Judicial Officer
Office of the Secretary

NOV 2 8 2018

---

[1] See *Denice and Felice Packing Co. v. Corgan & Son*, 45 Agric. Dec. 785, 788 (1986), where the amount awarded to the complainant for one of the five loads of peppers at issue in the dispute was limited to the amount requested for that load without regard to the amount claimed or the amount due for the other four loads of peppers in question.

# EXHIBIT C

Unpaid Invoices

Marinovich Cold Storage
303A Salinas Road
Watsonville, CA 95076
(831) 728-6668

Date:                    07/19/2016
Time:                    11:27 AM
Tag#:                    R000028078
Shipper Name:
  JW Produce
Grower Number:    65
  Grower Name:
Jesus Rocha

ITL    CMD         VTY   SZ
448    STRW        A3bnFT
     CA\CA   4x112

Grower Signature:

MCS Signature:

Marinovich Cold Storage
303A Salinas Road
Watsonville, CA  95076
(831) 726-8668

Date:                          08/01/2016
Time:                          1:14 PM
Tag#:                          R000028251
Shipper Name:
 JW Produce
Grower Number:    65
 Grower Name:
Jesus Rocha

PTL     CMD           QTY   SZ

224     STRW        Albn PT
      CA\CA    2x112

Grower Signature:

MCS Signature:

Marinovich Cold Storage
303A Salinas Road
Watsonville, CA 95076
(831) 728-8668

Date:                    08/02/2018
Time:                    1:23 PM
Tag#:                    R000028264
Shipper Name:
  JW Produce
Grower Number:     65
  Grower Name:
Jesus Rocha

| TTL | CMD | VTY | SZ |
|-----|-----|-----|-----|
| 448 | STRW | AlbnFT | |
| | CA\CA | 4x112 | |

Grower Signature:

'S Signature:



# JW PRODUCE

## CONVENTIONAL

**Office: (831) 761-9222**
P.O. Box 2319 Watsonville, CA 95077

0431

| NAME: | Jesus Rocha | | | |
|---|---|---|---|---|
| **ADDRESS:** | | | | |
| **CITY** | | **ZIP** | **PH:** | |
| | | 8-3-16 | | |

| QUANTITY | DESCRIPTION | PRICE | TOTAL |
|---|---|---|---|
| 1 | Strawberry stem 8x1 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | **SUBTOTAL** | |
| | | **SALES TAX** | |
| Signature_____ | | **TOTAL** | |

Marinovich Cold Storage
303A Salinas Road
Watsonville, CA  95076
(831) 728-8668

Date:                          08/03/2016
Time:                          1:27 PM
Tag#:                          R000028284
Shipper Name:
 JW Produce
Grower Number:    65
 Grower Name:
Jesus Rocha

ITL    CMD  R    WTY   SZ

29     STRW     AlbnPT
   CA\CA   1x29
224    STRW     AlbnPS
   CA\CA   2x112

Grower Signature:

MCS Signature:

Marinovich Cold Storage
303A Salinas Road
Watsonville, CA  95076
(831) 728-8668

Date:                08/04/2016
Time:                12:10 PM
Tag#:                R000028297
Shipper Name:
  JW Produce
Grower Number:      65
  Grower Name:
Jesus Rocha

| PTL | CMD | VTY | SZ |
|-----|-----|-----|-----|
| 56  | STRW | Albn PT | |
|     | CA\CA | 1x56 | |
| 224 | STRW | Albn PT | |
|     | CA\CA | 2x112 | |

Grower Signature:

MCS Signature:

**Marinovich Cold Storage**
303A Salinas Road
Watsonville, CA  95076
(831) 728-8663

| Date: | 08/08/2016 |
|---|---|
| Time: | 1:39 PM |
| Tag#: | R000028329 |

Shipper Name:
  JW Produce
Grower Number:   65
Grower Name:
Jesus Rocha

| PTI | CMD | VTY | SZ |
|---|---|---|---|
| 66 | STRW | Albn PT | |
| | CA\CA | 1x66 | |
| 336 | STRW | Albn PT | |
| | CA\CA | 3x112 | |

Grower Signature:

MCS Signature:

Marinovich Cold Storage
303A Salinas Road
Watsonville, CA  95076
(831) 728-8666

Date:                    08/09/2016
Time:                    12:28 PM
Tag#:                    R000028342
Shipper Name:
 JW Produce
Grower Number:   65
 Grower Name:
Jesus Roche

| ITL | CMD | VTY | SZ |
|-----|-----|-----|-----|
| 82 | STRW | Albn PT | |
| | CA\CA | 1x82 | |
| 224 | STRW | Albn PT | |
| | CA\CA | 2x112 | |

Grower Signature:

MCS Signature:

**Marinovich Cold Storage**
303A Salinas Road
Watsonville, CA  95076
(831) 728-8668

Date:                          08/10/2016
Time:                          4:08 PM
Tag#:                          R000028361
Shipper Name:
  JW Produce
Grower Number:      65
  Grower Name:
Jesús Rocha

| ITL | CMD | VTY | SZ |
|-----|-----|-----|-----|
| 99 | STRW | Albn PT | |
| | JW \ JW | 1z99 | |
| 224 | STRW | Albn PT | |
| | JW \ JW | 2x112 | |

Grower Signature:

MCS Signature:

Marinovich Cold Storage
303A Salinas Road
Watsonville, CA  95076
(831) 728-8668

Date:                           08/11/2016
Time:                           1:36 PM
Tag#:                           R000028370
Shipper Name:
  JW Produce
Grower Number:       65
  Grower Name:
Jesus Rocha

| ITL | CMD | VTY SZ |
|-----|-----|--------|
| 336 | STRW | Albn PT |
|     | CA\CA | 3x11.2 |

Grower Signature:

MCS Signature:

Marinovich Cold Storage
303A Salinas Road
Watsonville, CA  95076
(831) 728-8668

Date:                          08/15/2016
Time:                          5:17 PM
Tag#:                          R000028401
Shipper Name:
 JW Produce
Grower Number:     65
 Grower Name:
Jesus Rocha

| FIL | CMD | VTY | SZ |
|-----|-----|-----|-----|
| 80 | STRW | Albn PT | |
| CA\CA | 1x80 | | |
| 224 | STRW | Albn PT | |
| CA\CA | 2x112 | | |

Grower Signature:

S Signature:



*111012822*
01/24/2017
8980001045

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check

RETURN REASON-A
NOT SUFFICIENT
FUNDS

*20220001*
*9957*
*1*
*04173*

NSF

7886

**JW PRODUCE, INC.**
P.O. BOX 2319
WATSONVILLE, CA 95077
PH. 831-761-9222

RABOBANK, N.A.
ARROYO GRANDE, CA 93421-6002
90-3842/1222

10/4/2016

PAY TO THE
ORDER OF    JESUS ROCHA                                    $ **4,004.68

Four Thousand Four and 68/100******************************************    DOLLARS

JESUS ROCHA
16766 MERIDIAN RD
PRUNDALE CA 93907

MEMO                                            AUTHORIZED SIGNATURE

⑈"007886"  ⑈:122238420⑈:  6899731288⑈"

⑈"007886"  ⑈:122238420⑈:  6899731288⑈"  ⑈"0000400468⑈"

ROI Ex 014

BANK OF AMERICA, N.A.
WEST RETURN ITEMS

Page 001 of 001                H
Bank   : 00318
Center :
Divider: 9,957
Code   : 5 M




ḷḷᵈḷᵢₘ‖‖ḷḷₖḷₗᵈ‖ḷₗᵈḷₚ‖ḷₚ‖ᵢₘₚ‖ḷₗₗₕₗ‖ᵢᵈₗₗ

>001833 7200991 0001 008239 10Z

**DBA JM FARMS**
**JESUS ROCHA SOLE PROP**
**16766 MERIDIAN RD**
**PRUNEDALE   CA      93907-8706**
**US**

Deposit account:xxxxxxxxxx3332
Charge account :xxxxxxxxxx3332
Store/Reference:00000000000000

Date of Notice: 01-24-2017

Dear Valued Customer:

We're writing to notify you that the item or items listed below, which were deposited
to your account, have been returned unpaid. As a result, we've deducted them from your
account. Please adjust your account records by subtracting the total shown below.

Number of returned items:              1
Amount of returned item(s):      4,004.68
Return items fee:                  12.00
Total:                           4,016.68

| Sequence/ Dep Date | ABA Number/ Dep Amount | Maker Name/ Check Date | Return Reason/ Additional Data | Amount |
|---|---|---|---|---|
| 2234227124 | 1222-3842 | | Not Sufficient Funds | 4,004.68 |
| 1/20/2017 | 4,004.68 | | | |

If you have any questions or need additional information, please contact one of our
Customer Service Representatives at 1.800.432.1000. We appreciate your business and
look forward to serving you in the future.

Sincerely,
Returns & Exceptions

JW PRODUCE INC

P.O. BOX 2319

WATSONVILLE CA 95076

JESUS ROCHA

| DATE | TAG# | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 09/01/16 | 28574 | STRAWBERRY PINT | 224 | 6.00 | 1,344.00 |
| 09/01/16 | 28577 | STRAWBERRY PINT | 112 | 6.00 | 672.00 |
| 09/02/16 | 28588 | STRAWBERRY PINT | 224 | 6.00 | 1,344.00 |
| 09/03/16 | 28598 | STRAWBERRY PINT | 331 | 6.00 | 1,986.00 |
| 09/05/16 | 28605 | STRAWBERRY PINT | 112 | 6.00 | 672.00 |
| 09/12/16 | 28677 | STRAWBERRY PINT | 336 | 6.00 | 2,016.00 |
| 09/13/16 | 28689 | STRAWBERRY PINT | 336 | 6.00 | 2,016.00 |
| 09/14/16 | 28707 | STRAWBERRY PINT | 224 | 6.00 | 1,344.00 |
| 09/14/16 | 28711 | STRAWBERRY PINT | 112 | 6.00 | 672.00 |
| | | | | TOTAL | 12,066.00 |
| 09/12/16 | 0460 | PALLETS | 13 | -4.00 | -52.00 |
| | | | 20 16 | TOTAL | 12,014.00 |

41

JW PRODUCE INC

P.O. BOX 2319

WATSONVILLE CA 95076

JESUS ROCHA

| DATE | TAG# | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|------|------|-------------|----------|-------|--------|
| 08/16/16 | 28408 | STRAWBERRY PINT | 112 | 6.50 | 728.00 |
| 08/17/16 | 28416 | STRAWBERRY PINT | 224 | 6.50 | 1,456.00 |
| 08/18/16 | 28430 | STRAWBERRY PINT | 156 | 6.50 | 1,014.00 |
| 08/19/16 | 28441 | STRAWBERRY PINT | 112 | 6.50 | 728.00 |
| 08/20/16 | 28451 | STRAWBERRY PINT | 112 | 6.50 | 728.00 |
| 08/22/16 | 43963 | STRAWBERRY PINT | 148 | 6.50 | 962.00 |
| 08/23/16 | 0451 | STRAWBERRY PINT | 224 | 6.50 | 1,456.00 |
| 08/24/16 | 28495 | STRAWBERRY PINT | 340 | 6.50 | 2,210.00 |
| 08/25/16 | 28509 | STRAWBERRY PINT | 140 | 6.50 | 910.00 |
| 08/29/16 | 40572 | STRAWBERRY PINT | 104 | 6.50 | 676.00 |
| 08/30/16 | 28544 | STRAWBERRY PINT | 224 | 6.50 | 1,456.00 |
| 08/31/16 | 28555 | STRAWBERRY PINT | 224 | 6.50 | 1,456.00 |
| | | | 2120 | TOTAL | 13,780.00 |

JW PRODUCE INC

P.O. BOX 2319

WATSONVILLE CA 95076

JESUS ROCHA

| DATE | TAG# | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|------|------|-------------|----------|-------|--------|
| 07/8/16 | 0371 | STRAWBERRY PINT | 394 | 8.00 | 3,152.00 |
| 07/09/16 | 0381 | STRAWBERRY PINT | 213 | 8.00 | 1,704.00 |
| 07/14/16 | 0395 | STRAWBERRY PINT | 448 | 8.00 | 3,584.00 |
| 07/14/16 | 0398 | STRAWBERRT PINT | 212 | 8.00 | 1,696.00 |
| | 0398 | PALLETS OUT | 20 | -4.00 | -80.00 |
| | | | 1267 | TOTAL | 10,056.00 |

**'W PRODUCE, INC.**
JESUS ROCHA

8/5/2016                               7574

5,028.00

9

Rabo Bank

5,028.00

1Ex 048

JW PRODUCE INC

P.O. BOX 2319

WATSONVILLE CA 95076

JESUS ROCHA

| DATE | TAG# | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|------|------|-------------|----------|-------|--------|
| 07/16/16 | 0403 | STRAWBERRY PINT | 112 | 8.00 | 896.00 |
| 07/18/16 | 28069 | STRAWBERRY PINT | 224 | 8.00 | 1,792.00 |
| 07/20/16 | 28096 | STRAWBERRY PINT | 336 | 8.00 | 2,688.00 |
| 07/21/16 | 28112 | STRAWBERRY PINT | 336 | 8.00 | 2,688.00 |
| 07/22/16 | 28131 | STRAWBERRY PINT | 112 | 8.00 | 896.00 |
| 07/23/16 | 28143 | STRAWBERRY PINT | 112 | 8.00 | 896.00 |
| 07/25/16 | 28156 | STRAWBERRY PINT | 448 | 8.00 | 3,584.00 |
| 07/26/16 | 28175 | STRAWBERRY PINT | 224 | 8.00 | 1,792.00 |
| 07/27/16 | 28197 | STRAWBERRY PINT | 336 | 8.00 | 2,688.00 |
| 07/28/16 | 28210 | STRAWBERRY PINT | 336 | 8.00 | 2,688.00 |
| 07/29/16 | 28226 | STRAWBERRY PINT | 112 | 8.00 | 896.00 |
| | | | | TOTAL | 21,504.00 |
| 05/09/16 | 0125 | PALLET OUT | 6 | 4.00 | -24.00 |
| 07/20/16 | 0411 | PALLETS OUT | 20 | 4.00 | -80.00 |
| 07/28/16 | 0422 | PALLETS OUT | 20 | 4.00 | -80.00 |
| 08/08/16 | 0895 | PALLETS OUT | 16 | 4.00 | -64.00 |
| | | | | TOTAL PALLETS | -248.00 |
| | | | 2688 | TOTAL | 21,256.00 |

8

JW PRODUCE INC

P.O. BOX 2319

WATSONVILLE CA 95076

JESUS ROC HA

| DATE | TAG# | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|------|------|-------------|----------|-------|--------|
| 07/01/16 | 0345 | STRAWBERRY PINT | 336 | 7.50 | 2,520.00 |
| 07/02/16 | 0352 | STRAWBERRY PINT | 82 | 7.50 | 615.00 |
| 07/04/16 | 0354 | STRAWBERRY PINT | 336 | 7.50 | 2,520.00 |
| 07/06/16 | 0362 | STRAWBERRY PINT | 224 | 7.50 | 1,680.00 |
| 07/07/16 | 0365 | STRAWBERRY PINT | 448 | 7.50 | 3,360.00 |
| | | | | TOTAL | 10,695.00 |
| 07/01/16 | 0345 | PALLETS | 20 | -4.00 | -80.00 |
| 07/04/16 | 0354 | PALLETS | 20 | -4.00 | -80.00 |
| 06/27/16 | 0324 | PALLETS | 6 | 4.00 | -24.00 |
| | | | | TOTAL DE PALLES | -184.00 |
| | | | | TOTAL | 10,511.00 |

1426

7

JW PRODUCE INC

P.O. BOX 2319

WATSONVILLE CA 95076

JESUS ROCHA

| DATE | TAG# | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|------|------|-------------|----------|-------|--------|
| 05/31/16 | 0198 | STRAWBERRY PINT | 224 | 8.00 | 1,792.00 |
| 06/17/16 | 0262 | STRAWBERRY PINT | 336 | 8.00 | 2,688.00 |
| 06/18/16 | 0270 | STRAWBERRY PINT | 38 | 8.00 | 304.00 |
| 06/28/16 | 0329 | STRAWBERRY PINT | 448 | 8.00 | 3,584.00 |
|  |  |  |  |  |  |
|  |  |  |  | TOTAL | 8,368.00 |
| 06/13/16 | 0245 | PALLETAS | 30 | 4.00 | -120.00 |
| 05/11/16 | 0133 | PALLETS | 40 | 4.00 | -160.00 |
|  |  |  |  | TOTAL DE PALETS | -280.00 |
|  |  |  | *1046* | TOTAL | 8,088.00 |

6

JW PRODUCE INC

P.O. BOX 2319

WATSONVILLE CA 95076

JESUS ROCHA

| DATE | TAG# | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|------|------|-------------|----------|-------|--------|
| 06/01/16 | 0203 | STRAWBERRY PINT | 224 | 8.00 | 1,792.00 |
| 06/02/16 | 0208 | STRAWBERRY PINT | 224 | 8.00 | 1,792.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | 448 | TOTAL | 3,584.00 |

3

JW PRODUCE INC

P.O. BOX 2319

WATSONVILLE CA 95076

JESUS ROCHA

| DATE | TAG# | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|------|------|-------------|----------|-------|--------|
| 05/09/16 | 0124 | STRAWBERRY PINT | 224 | 8.00 | 1,792.00 |
| 05/10/16 | 0128 | STRAWBERRY PINT | 224 | 8.00 | 1,792.00 |
| 05/11/16 | 0132 | STRAWBERRY PINT | 224 | 8.00 | 1,792.00 |
| 05/12/16 | 0136 | STRAWBERRY 1LB | 216 | 8.00 | 1,728.00 |
|  | 0136 | STRAWBERRY PINT | 5 | 8.00 | 40.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  | 893 | TOTAL | 7,144.00 |

2